UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 5:26-cv-04337-RGK-PD | Date | September 15, 2026 |
| Title | ***S.H. v. James Janecha et al*** | | |

| | | |
|---|---|---|
| Present: The Honorable | R. GARY KLAUSNER, UNITED STATES DISTRICT JUDGE | |
| Joseph Remigio | Not Reported | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| | |
|---|---|
| Attorneys Present for Plaintiff: | Attorneys Present for Defendant: |
| Not Present | Not Present |

**Proceedings:** **(IN CHAMBERS) Order Re: Petitioner's *Ex Parte* Application for Temporary Restraining Order [12]**

## I. INTRODUCTION

On July 31, 2026, Petitioner S.H. filed a Petition for Writ of Habeas Corpus against Respondents James Janecha, Ernesto Santacruz, Markwayne Mullin, Todd Blanche, and David Venturella. (ECF No. 1.) On September 12, Petitioner filed the present *Ex Parte* Application for Temporary Restraining Order ("Application"). (ECF No. 12.) Petitioner is in U.S. Immigration and Customs Enforcement custody.

Petitioner seeks the Court's order that she be released from custody primarily because she claims violations of due process. For the following reasons, the Court **DENIES** the Application.

## II. JUDICIAL STANDARD

To justify *ex parte* relief, the movant must show: (1) "why the . . . ultimate relief requested cannot be calendared in the usual manner[;]" and (2) that he is "without fault in creating the crisis that requires *ex parte* relief." *Mission Power Eng'g Co. v. Cont'l Cas. Co.*, 883 F. Supp. 488, 492 (C.D. Cal. 1995).

In addition, Section 2 of Central District of California General Order No. 26-05 provides that "[a]pplications for temporary restraining orders should be reserved for cases where the petitioner alleges imminent, irreparable harm that cannot be addressed by the standard scheduling order or by expediting the briefing schedule."

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 5:26-cv-04337-RGK-PD | Date | September 15, 2026 |
| Title | ***S.H. v. James Janecha et al*** | | |

## III. DISCUSSION

Petitioner fails to meet the standard needed to justify *ex parte* relief.

Petitioner must show "why the accompanying proposed motion for the ultimate relief requested cannot be calendared in the usual manner. . . . [T]he evidence must show that the moving party's cause will be irreparably prejudiced if the underlying motion is heard according to regular noticed motion procedures." *Mission Power Eng'g Co. v. Cont'l Cas. Co.*, 883 F. Supp. at 492.

It is not clear to the Court that Petitioner's *Ex Parte* Application cannot be calendared in the usual manner and that Petitioner requires immediate action through the *ex parte* process to be released from custody. Petitioner relies on declaration from counsel, which states that Petitioner's friend and co-detainee notified counsel that Petitioner had fallen ill and been hospitalized after worsening symptoms. (Castillo Decl., ECF No. 11-1.) The statements from Petitioner's friend, however, amount to hearsay statements, and the Court in its discretion declines to consider them. *See SunL Grp. (L.A.), Inc. v. Seaseng, Inc.*, 2007 WL 4144992, at *3 (C.D. Cal. Sept. 14, 2007) (whether court may consider inadmissible evidence on a motion for preliminary injunction lies within the court's discretion).

Petitioner also fails to provide sufficient factual allegations or any evidence specifying Petitioner's present condition supporting her claim that she faces irreparable harm if her Application were denied. Indeed, Petitioner's counsel declares that Petitioner's status remains unknown aside from being hospitalized. (*Id.*) And nor does Petitioner or her counsel explain if and how Petitioner's current hospital treatment is insufficient. It is thus unclear to the Court why the Court *must* grant her relief by way of the current Application or risk irreparable prejudice should the merits of the Application be heard according to the regular noticed motion procedures. Accordingly, Petitioner fails to meet the first element of the *Mission Power* test, and *ex parte* relief is not justified.

## IV. CONCLUSION

For the foregoing reasons, Petitioner's Application is **DENIED**.

**IT IS SO ORDERED.**

:

Initials of Preparer JRE