UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 5:26-cv-04337-RGK-PD | Date | October 21, 2026 |
| Title | ***S.H. v. James Janecha, et al.*** | | |

| | | |
|---|---|---|
| Present: The Honorable | R. GARY KLAUSNER, UNITED STATES DISTRICT JUDGE | |
| Joseph Remigio | Not Reported | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| | |
|---|---|
| Attorneys Present for Plaintiff: | Attorneys Present for Defendant: |
| Not Present | Not Present |

**Proceedings:** **(IN CHAMBERS) Order Re: Petitioner's Second *Ex Parte* Application for Temporary Restraining Order [14]**

## I. INTRODUCTION

Petitioner is in U.S. Immigration and Customs Enforcement custody. On July 31, 2026, Petitioner S.H. filed a Petition for Writ of Habeas Corpus ("Habeas Petition") against Respondents James Janecha, Ernesto Santacruz, Markwayne Mullin, Todd Blanche, and David Venturella. (ECF No. 1.) On August 10, 2026, Respondents answered Petitioner's Petition. (ECF No. 8.)

On September 12, 2026, Petitioner filed her First *Ex Parte* Application for Temporary Restraining Order ("First Application"). (ECF No. 11.) Respondents did not oppose. (ECF No. 12.) On September 15, 2026, the Court denied Petitioner's First Application. (ECF No. 13.)

Presently before the Court is Petitioner's Second *Ex Parte* Application for Temporary Restraining Order ("Second Application"), seeking immediate release from custody primarily because she claims violations of due process. (ECF No. 14.) Respondents have not filed an opposition. For the following reasons, Petitioner's Second Application is **GRANTED**.

## II. FACTUAL BACKGROUND

Petitioner was born in Myanmar (formerly Burma). (Lilien Decl., ECF No. 1-1, at ¶ 2.) On or about July 2024, Petitioner entered the United States on a F-1 student visa and has resided in the United States ever since. (*Id.* at ¶¶ 2-3.) In September 2024, Petitioner submitted an application for asylum to the United States Citizenship and Immigration Services (USCIS) based on political persecution that Petitioner faced as a student activist in Burma. (*Id.* at ¶ 5.) Petitioner's asylum application remains pending. (*Id.*)

On October 11, 2024, Petitioner appeared at a USCIS biometrics appointment. (*Id.* at ¶ 6.) Subsequently, Petitioner obtained an employment authorization document, which is valid from April 4,

2025 to April 3, 2030, and a social security number. (ECF No. 1-2, Ex. D-E.) Petitioner has been authorized to work in the United States and has been working and pay taxes. (Lilien Decl. at ¶ 11.)

On July 21, 2026, Petitioner was detained by immigration officials and has since been detained at the Adelanto ICE Processing Center. (*Id.* at ¶¶ 12, 17.) On or around September 8, 2026, however, Petitioner became ill while in ICE custody. (Castillo Decl., ECF No. 14-4, at ¶ 2; ECF No. 14-6.) According to Petitioner's medical records, on or around September 11, 2026, Petitioner was diagnosed with acute appendicitis and underwent surgery. (ECF No. 14-6.) Petitioner remained hospitalized until September 17, 2026. (*Id.*) According to Petitioner's medical records, Petitioner was also instructed to have her bandages changed twice daily. (*Id.*) But medical personnel at the detention center have changed Petitioner's bandages only three or four times in total in the past month, despite Petitioner's repeated requests. (S.H. Decl., ECF No. 14-5, at ¶ 4.) Since October 18, 2026, Petitioner's has begun suffering pain again because her wounds have reddened, reopened, and rebled. (*Id.* at ¶ 5.)

## III. JUDICIAL STANDARD

### A. *Ex Parte* Relief

To justify *ex parte* relief, the movant must show: (1) "why the . . . ultimate relief requested cannot be calendared in the usual manner[;]" and (2) that he is "without fault in creating the crisis that requires *ex parte* relief." *Mission Power Eng'g Co. v. Cont'l Cas. Co.*, 883 F. Supp. 488, 492 (C.D. Cal. 1995).

### B. Temporary Restraining Order

While a preliminary injunction is intended to preserve the status quo pending a judgment on the merits, a Temporary Restraining Order ("TRO") is intended to preserve the status quo only until a preliminary injunction hearing can be held. *Hoechst Diafoil Co. v. Nan Ya Plastics Corp.*, 174 F.3d 411, 422 (4th Cir. 1999) (citing *Granny Goose Foods, Inc. v. Bhd. of Teamsters & Auto Truck Drivers Local No. 70 of Alameda Cty.*, 415 U.S. 423, 439 (1974).

Despite this difference, the standard for a TRO is "substantially identical" to the standard for a preliminary injunction. *See Stuhlbarg Int'l Sales Co., Inc. v. John D. Brush & Co.*, 240 F.3d 832, 839 n.7 (9th Cir. 2001). To obtain a TRO, the moving party must show: (1) a likelihood of success on the merits; (2) a likelihood of irreparable harm to the moving party in the absence of preliminary relief; (3) that the balance of equities tips in favor of the moving party; and (4) that an injunction is in the public interest. *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008) (the "*Winter* test"). In the Ninth Circuit, courts also apply a sliding scale test, in which the elements of the *Winter* test are balanced "so that a stronger showing of one element may offset a weaker showing of another." *All. for the Wild*

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 5:26-cv-04337-RGK-PD | Date | October 21, 2026 |
|---|---|---|---|
| Title | ***S.H. v. James Janecha, et al.*** | | |

*Rockies v. Cottrell*, 632 F.3d 1127, 1131 (9th Cir. 2011). The moving party bears the burden of persuasion. *Mazurek v. Armstrong,* 520 U.S. 968, 972 (1997).

## IV. DISCUSSION

### A. *Ex Parte* Relief

Petitioner meets the *Mission Power* test.

First, Petitioner's medical records and declaration establish that Petitioner requires urgent medical attention that medical personnel at the detention facility have not delivered. Specifically, Petitioner is recovering from surgery following her acute appendicitis and requires rebandaging twice daily, but Petitioner has only received rebandaging three or four times in total in the past month since her hospital release, and her condition has since worsened. Accordingly, Petitioner's requested relief cannot be calendared in the usual manner.

Second, Petitioner is not at fault in creating the crisis requiring *ex parte* relief. Petitioner fell ill and was hospitalized on or around September 8, 2026. Petitioner's counsel diligently filed the First Application on September 12, 2026. The Court denied the First Application because Petitioner's counsel had not submitted sufficient evidence establishing that *ex parte* relief was warranted. (*See* ECF No. 13.) After Petitioner was released from the hospital and her wounds worsened around October 18, 2026, Petitioner diligently filed the Second Application on October 19, 2026. Thus, Petitioner has acted diligently in seeking *ex parte* relief.

### B. Temporary Restraining Order

Petitioner claims that her current detention violates the Due Process Clause of the Fifth Amendment of the United States Constitution. Respondents have not submitted an opposition to the Second Application.[1] The Court addresses the *Winter* factors in turn.

#### 1. *Likelihood of Success on the Merits: Substantive Due Process*

The Due Process Clause protects citizens and noncitizens within the jurisdiction of the United States. *See Zadyvdas v. Davis*, 533 U.S. 678, 693-94 (2001). "There is no question that [civil immigration] detainees are entitled to adequate medical care." *Doe v. Kelly*, 878 F.3d 710, 722 (9th. Cir. 2017). Although it is "unsettled whether claims solely challenging one's conditions of confinement can be brought in a habeas petition," the length of Petitioner's detention forms at least part of her instant

[1] Respondents only filed a response to the First Application, which Petitioner made on similar facts relating to Petitioner's deteriorating health. In Respondents' response to the First Application, Respondents stated "Respondents are not presenting an opposition to Petitioner's request for temporary restraining order at this time." (ECF No. 12.)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 5:26-cv-04337-RGK-PD | Date | October 21, 2026 |
| Title | ***S.H. v. James Janecha, et al.*** | | |

challenge and thus "sounds in habeas." *Doe v. LaRose*, 2026 WL 2415261, at *3 (S.D. Cal. Aug. 18, 2026).

Courts generally consider five factors to determine if immigration detention has become punitive and thus violates substantive due process: (1) "the length of detention and whether it is excessive in relation to its regulatory purpose"; (2) "the government's contribution to any delay"; (3) "the evidence supporting the determination that detention is warranted to prevent flight risk or community danger"; (4) "whether the government interests in ensuring appearance at future proceedings and protecting the community could be protected through alternatives that are less harsh"; and (5) "the conditions of detention and how they compare to conditions under which pretrial criminal detainees or people convinced of crimes are held." *Doe v. Becerra*, 723 F. Supp. 3d 688, 692 (N.D. Cal. 2024).

Here, the first two factors seem neutral. First, Petitioner has been detained for roughly 90 days, which may be considered—but is not decisively—excessive. *See Gonzalez v. Marin*, 2026 WL 852210, at *2 (C.D. Cal. Mar. 25, 2026) (ordering immediate release of immigration detainee who had been "subjected to prolonged immigration detention exceeding 90 days"). Second, the Court finds no evidence either that Respondents have delayed or not delayed Petitioner's proceedings. *C.f. LaRose*, 2026 WL 2415261 at *4 (government caused several delays in removal proceedings by reassigning immigration judges and failing to provide timely medical care, affecting detainee's ability to testify).

The remaining factors, however, weigh in Petitioner's favor. As to the third and fourth factors, Petitioner has submitted evidence establishing that she is not a flight risk, does not pose a community danger, and would appear at future proceedings. Petitioner has resided in the United States for the past two years. During that time, she has not obtained any criminal history whatsoever. To the contrary, she has attended school, worked lawfully, applied for asylum, and reported to immigration appointments when requested. Finally, the fifth factor heavily weighs in Petitioner's favor, considering Petitioner's urgent need for medical attention that medical personnel at the detention facility have not met. *See LaRose*, 2026 WL 2415261 at *4 (detainee's urgent medical conditions and detention center's delayed treatment favored finding violation of substantive due process).

Accordingly, the Court finds that Petitioner is likely to succeed in her due process claim.

2. <u>*Likelihood of Irreparable Harm*</u>

In the absence of a preliminary injunction, Petitioner will continue to be detained and may face longer delay in receiving necessary medical attention. Detention constitutes "a loss of liberty that is . . . irreparable." *Moreno Galvez v. Cuccinelli*, 492 F. Supp. 3d 1169, 1181 (W.D. Wash. 2020), *aff'd in part, vacated in part on other grounds, remanded sub nom. Moreno Galvez v. Jaddou*, 52 F.4th 821 (9th Cir. 2022).

Accordingly, the Court finds that Petitioner is likely to suffer irreparable harm in the absence of a preliminary injunction.

3. <u>*Balance of Equities and Public Interest*</u>

The last two *Winter* factors "merge when the Government is the opposing party." *Nken v. Holder*, 556 U.S. 418, 435 (2009). The balance of equities tips in Petitioner's favor, since she "faces irreparable harm to [her] constitutional rights and health[,]" and "there is no harm to the Government when a court prevents the Government from engaging in unlawful practices." *Castillo v. Barr*, 449 F. Supp. 3d 915, 923 (C.D. Cal. 2020). The preliminary injunction would also fulfill Respondents' compelling interest in steady enforcement of immigration laws, including ensuring that their immigration practices are in compliance with due process. Accordingly, the Court finds that the last two *Winter* factors weigh in favor of a preliminary injunction.

On balance, therefore, the four *Winter* factors favor Petitioner.

## V. <u>CONCLUSION</u>

For the foregoing reasons, Petitioner's Second Application is **GRANTED**.[2]

Respondents are **ORDERED** to immediately release Petitioner S.H. (A# 235-076-315) from custody. At the time of release, Respondents must return all of Petitioner's documents and Possessions. Respondents must file a Notice of Compliance with this Order within **three (3) days** from the entry of this Order.

To avoid further irreparable harm and protect the public interest, Respondents are **ENJOINED** from re-detaining Petitioner unless and until she receives adequate notice and a hearing to determine the legality of her re-detention.

Respondents are further **ORDERED** to show cause, in writing, why a preliminary injunction should not issue upon the dissolution of this Temporary Restraining Order on November 4, 2026.

[2] Federal Rule of Civil Procedure 65(c) requires that, prior to granting injunctive relief, the Court require a movant to pay security "in an amount that the court considers proper to pay the costs and damages sustained by any party found to have been wrongfully enjoined or restrained." "Despite the seemingly mandatory language, Rule 65(c) invests the district court with discretion as to the amount of security required, if any." *Johnson v. Couturier*, 572 F.3d 1067, 1086 (9th Cir. 2009) (internal quotation omitted). Here, the Court waives the security requirement, as it is unlikely that Respondents will incur any significant cost.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 5:26-cv-04337-RGK-PD | Date | October 21, 2026 |
| Title | ***S.H. v. James Janecha, et al.*** | | |

**IT IS SO ORDERED.**

_____ : _____

Initials of Preparer JRE