UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 5:26-cv-04337-RGK-PD | Date | November 12, 2026 |
| Title | ***S.H. v. James Janecha, et al.*** | | |

| | | |
|---|---|---|
| Present: The Honorable | R. GARY KLAUSNER, UNITED STATES DISTRICT JUDGE | |
| Joseph Remigio | Not Reported | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| | |
|---|---|
| Attorneys Present for Plaintiff: | Attorneys Present for Defendant: |
| Not Present | Not Present |

**Proceedings:** **(IN CHAMBERS) Order Re: Preliminary Injunction [14]**

## I. INTRODUCTION

On July 31, 2026, Petitioner S.H. filed a Petition for Writ of Habeas Corpus ("Habeas Petition") against Respondents James Janecha, Ernesto Santacruz, Markwayne Mullin, Todd Blanche, and David Venturella. (ECF No. 1.) On August 10, 2026, Respondents answered Petitioner's Habeas Petition. (ECF No. 8.) On September 12, 2026, Petitioner filed her First *Ex Parte* Application for Temporary Restraining Order, claiming she suffered from inadequate medical attention in the detention facility and seeking immediate release from custody and issuance of a preliminary injunction enjoining Respondents from re-detaining Petitioner absent a hearing ("First Application"). (ECF No. 11.) Respondents did not oppose. (ECF No. 12.) On September 15, 2026, the Court denied Petitioner's First Application for failure to provide evidence supporting her claim for *ex parte* relief. (ECF No. 13.)

On October 19, 2026, Petitioner filed her Second *Ex Parte* Application for Temporary Restraining Order ("Second Application"), seeking the same relief and providing the evidentiary support that the Court previously identified as missing in the First Application. ("ECF No. 14.) Respondents again did not oppose.

On October 21, 2026, the Court granted Petitioner's Second Application, (1) ordering Respondents to immediately release Petitioner from Respondents' custody; and (2) enjoining and restraining Respondents from re-detaining Petitioner unless and until she receives adequate notice and a hearing to determine the legality of her re-detention (the "October 2026 Order"). (ECF No. 15.) The Court also ordered Respondents to show cause in writing why a preliminary injunction should not issue (the "OSC"). (*Id.*)

On October 23, 2026, Respondents filed a status report confirming that Petitioner was released on October 21, 2026, pursuant to the Court's October 2026 Order. (ECF No. 16.) On November 4, 2026, Respondents filed their Response to the Court's OSC, arguing that Petitioner's release moots the preliminary injunction and Habeas Petition, but Respondents do not otherwise oppose issuance of a preliminary injunction in this case. (ECF No. 17.) On November 5, 2026, Petitioner filed her Reply in Support of Preliminary Injunction. (ECF No. 18.)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 5:26-cv-04337-RGK-PD | Date | November 12, 2026 |
| Title | ***S.H. v. James Janecha, et al.*** | | |

For the reasons explained herein, Petitioner's request for preliminary injunction is **GRANTED IN PART**.

## II. FACTUAL BACKGROUND

The following facts are recited in the Court's October 2026 Order (ECF No. 15 at 1-2):

Petitioner was born in Myanmar. On or about July 2024, Petitioner entered the United States on a F-1 student visa and has resided in the United States ever since. In September 2024, Petitioner submitted an application for asylum to the United States Citizenship and Immigration Services (USCIS) based on political persecution that Petitioner faced as a student activist in Burma. Petitioner's asylum application remains pending. Since living in the United States, Petitioner obtained an employment authorization document and a social security number. Petitioner has been authorized to work in the United States and has been working and pay taxes.

On July 21, 2026, Petitioner was detained by immigration officials. On or around September 8, 2026, Petitioner became ill while in ICE custody. Petitioner was diagnosed with acute appendicitis and underwent surgery. Petitioner remained hospitalized until September 17, 2026. According to Petitioner's medical records, Petitioner was also instructed to have her bandages changed twice daily. But medical personnel at the detention center have changed Petitioner's bandages only three or four times in total since Petitioner's release from the hospital, despite Petitioner's repeated requests. After October 18, 2026, Petitioner's suffered pain because her wounds have reddened, reopened, and rebled.

On October 21, 2026, Petitioner was released from custody pursuant to the Court's October 2026 Order. (ECF No. 16.) Petitioner offers the following new information in her Reply in Support of Preliminary Injunction (ECF No. 18):

Upon Petitioner's release, ICE officials placed an electronic ankle monitor on her and instructed her to report to the ICE Office in San Francisco on October 28, 2026. (Lilien Decl., ECF No. 18-1, at ¶ 3.) Petitioner was also issued an Order of Release on Recognizance, which stated that Petitioner's "release is contingent upon [her] enrollment and successful participation in an Alternative to Detention (ATD) program." (ECF No. 18-2, Ex. A.) The Order of Release on Recognizance further stated that "Failure to comply with the conditions of this order may result in revocation of your release and your arrest and detention by [ICE]." (*Id.*)

As requested, Petitioner appeared for her appointment on October 28, 2026. (Lilien Decl. at ¶ 5.) At her appointment, ICE further instructed Petitioner to report to the Intensive Supervision Appearance Program ("ISAP") that same day, where a ISAP officer would remove Petitioner's ankle monitor. (*Id.* at ¶ 6.) ICE also instructed Petitioner to report to ICE on March 1, 2027. (*Id.* at ¶ 7.) When Petitioner arrived at the ISAP office, an ISAP officer did not remove Petitioner's ankle monitor, but instead added additional layers of supervision: (1) Petitioner was required to install an application her phone with GPS tracking; (2) Petitioner was prohibited from traveling beyond seventy-five miles of a geographic area

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 5:26-cv-04337-RGK-PD | Date | November 12, 2026 |
|---|---|---|---|
| Title | ***S.H. v. James Janecha, et al.*** | | |

without first obtaining permission from ICE; and (3) Petitioner was required to appear in person to the ISAP office in San Francisco every twelve weeks. (*Id.* at ¶ 8.) The ISAP officer also advised Petitioner that ICE had not authorized the removal of the ankle monitor, and that ICE required Petitioner to wear the ankle monitor for at least six months before ICE would consider removing it. (*Id.* at ¶ 9.)

## III. JUDICIAL STANDARD

The standards governing temporary restraining orders and preliminary injunctions are essentially the same. *See Stuhlbarg Int'l Sales Co. v. John D. Brush & Co.*, 240 F.3d 832, 839 n.7 (9th Cir. 2001). A plaintiff must show: (1) likelihood of success on the merits; (2) likelihood of irreparable harm to the moving party in the absence of preliminary relief; (3) that the balance of equities tips in favor of the moving party; and (4) that an injunction is in the public interest. *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008).

## IV. DISCUSSION

Petitioner seeks to enjoin Respondents from: (1) imposing upon her post-release conditions that she did not have before her detention in July 2026, absent notice and a pre-deprivation hearing before a neutral decisionmaker; and (2) physically re-detaining her, absent notice and a pre-deprivation hearing before a neutral decisionmaker.

Respondents argue that the requested injunctive relief and Habeas Petition are moot because Petitioner has been released from detention. Petitioner argues her requested injunctive relief and Habeas Petition are not moot because her post-release conditions still render her "in custody," and Respondents may physically re-detain her.

The Court addresses mootness and then turns to whether Petitioner meets her burden under the *Winter* test.

### A. Mootness

The Court finds that the first part of Petitioner's request concerning her post-release conditions is not moot. Courts may grant habeas relief to any individual "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). To be "in custody," the individual does not need to be physically imprisoned; habeas relief is available where the individual is subject to "restraints not shared by the public generally." *Jones v. Cunningham*, 371 U.S. 236, 240 (1963). Several courts have found that the combination of conditions imposed on Petitioner equates to custody. *See, e.g.*, *Cruz v. Lyons*, 2025 WL 3443146, at *3 (C.D. Cal. Dec. 1, 2025) ("[I]mposition of additional constraints on Petitioner's liberty following her detention, including electronic monitoring, supports a conclusion that she remains in custody."); *M.A.M.G v. Albarran*, 2026 WL 2547047, at *4 (N.D. Cal. Aug. 27, 2026) (listing cases). Accordingly, Petitioner's request to enjoin Respondents from imposing the post-release conditions is not moot because Petitioner's post-release conditions presently render her "in custody."

The second part of Petitioner's request for preliminary injunctive relief concerning her physical re-detention, however, is moot. Pursuant to the Court's October 2026 Order, Petitioner was released from detention, and there is no indication that she faces any threats of re-detention. Accordingly, Petitioner's contention that Respondents will re-detain her "appears to be 'speculative and hypothetical.'" *Hernandez Trujillo v. Janecka*, 2026 WL 84314, at *1 (C.D. Cal. Jan. 12, 2026) (preliminary injunction mooted by TRO releasing petitioner) (quoting *Alam v. Carter*, 843 Fed.Appx. 953, 954 (9th Cir. 2021)); *Piralyan v. Semaia*, 2026 WL 3218520, at *1 (C.D. Cal. Oct. 26, 2026) (preliminary injunction moot because no indication that respondents would unlawfully attempt to re-detain petitioner); *c.f. Luu v. Bowen*, 2026 WL 638872, at *4 (C.D. Cal. Feb. 12, 2026) (preliminary injunction not moot because petitioner provided evidence that ICE threatened to re-detain him without citing any changed circumstances). And because the Court will order Respondents to lift Petitioner's post-release conditions for reasons further discussed below, Petitioner also does not face re-detention for failing to comply with her post-release conditions.

Accordingly, only Petitioner's request to enjoin Respondents from imposing post-release conditions is not moot. The Court proceeds to consider Petitioner's request under the *Winter* factors.

**B. *Winter* Test**

Respondents do not dispute the merits of Petitioner's Second Application and that she has met her burden under the *Winter* test. As referenced above and discussed in the Court's October 2026 Order, Petitioner has previously met her burden under the *Winter* test with respect to her physical detention. The Court finds that Petitioner has similarly met her burden under the *Winter* test with respect to her post-release conditions.

1. *Likelihood of Success on the Merits: Procedural Due Process*

The imposition of Petitioner's post-release conditions was not accompanied by any procedural protections. Under the Due Process Clause of the Fifth Amendment of the United States Constitution, no person shall be "deprived of life, liberty, or property, without due process of law." U.S. Const. amend. V. In determining what procedural process is due, courts evaluate three factors under *Matthews v. Eldridge*: (1) the private interest affected by the official action; (2) the risk of erroneous deprivation under the existing procedures and probative value of additional or substitute procedural safeguards; and (3) the government's interest, including the function involved and the fiscal and administrative burdens that the additional or substitute procedural requirement would entail. 424 U.S. 319, 335 (1976).

First, Petitioner has a substantial private interest in remaining out of custody. *See Morrisey v. Brewer*, 408 U.S. 471, 482 (1972); *Pinchi v. Albarran*, 840 F. Supp. 3d 1119, 1128-29 (N.D. Cal. 2026) ("[F]reedom from physical constraint is a core concern of the Due Process Clause, and the new supervisory conditions imposed by DHS curtail [petitioner's] physical liberty."). Here, Petitioner's liberty interests are threatened by the post-release conditions because she is electronically monitored, unable to leave a certain geographical radius, and must regularly report to ICE and ISAP offices.

Second, there is a significant risk of erroneous deprivation because no procedures were used at all before the post-release conditions were imposed. Notice and a pre-deprivation hearing would determine the appropriateness of ankle monitoring and the other post-release conditions, ultimately safeguarding against constitutional violations. Moreover, civil immigration detention must be "nonpunitive in purpose" and bear a "reasonable relation" to the authorized statutory purposes of preventing flight and danger to the community. *Zadyvdas v. Davis*, 533 U.S. 678, 690 (2001). Here, Petitioner has attended every check-in with ICE when requested. Petitioner contends, and Respondents do not dispute, that Petitioner presents no flight risk or danger to the community. Thus, the risk of erroneous deprivation is high. *See M.A.M.G.*, 2026 WL 2547047 at *6 (high risk of erroneous deprivation, where government required petitioners to wear ankle monitors despite no risk of flight risk or danger to community).

Third, the government's countervailing interest in imposing the post-release conditions is relatively low. The administrative burden of providing notice and pre-deprivation hearing to consider the appropriateness of ankle monitoring and other post-release conditions is minimal. *See Harrington v. Albarran*, 2026 WL 800113, at *6 (N.D. Cal. Mar. 23, 2026).

All three *Matthews* factors favor finding that Respondents must provide Petitioner notice and a pre-deprivation hearing before imposing the post-release conditions. Several courts evaluating indistinguishable circumstances have found that the three *Matthews* factors militate towards the same conclusion. *See, e.g., Behnam v. Santacruz Jr.*, 2026 WL 3085186, at *2 (C.D. Cal. Oct. 15, 2026) (listing cases).

2. <u>*Likelihood of Irreparable Harm*</u>

"It is well established that the deprivation of constitutional rights 'unquestionably constitutes irreparable injury.'" *Melendres v. Arpaio*, 695 F.3d 990, 1002 (9th Cir. 2012) (quoting *Elrod v. Burns*, 427 U.S. 347, 373 (1976)). "When an alleged deprivation of a constitutional right is involved, most courts hold that no further showing of irreparable injury is necessary." *Warsoldier v. Woodford*, 418 F.3d 939, 1001-02 (9th Cir. 2005). Here, Petitioner suffers irreparable harm from her post-release conditions that do not comply with her constitutional rights.

3. <u>*Balance of Equities and Public Interest*</u>

The last two *Winter* factors "merge when the Government is the opposing party." *Nken v. Holder*, 556 U.S. 418, 435 (2009). The balance of equities tips in Petitioner's favor, since she "faces irreparable harm to [her] constitutional rights and health[,]" and "there is no harm to the Government when a court prevents the Government from engaging in unlawful practices." *Castillo v. Barr*, 449 F. Supp. 3d 915, 923 (C.D. Cal. 2020). The preliminary injunction would also fulfill Respondents' compelling interest in steady enforcement of immigration laws, including ensuring that their immigration practices are in compliance with due process. Accordingly, the Court finds that the last two *Winter* factors weigh in favor of a preliminary injunction.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 5:26-cv-04337-RGK-PD | Date | November 12, 2026 |
| Title | ***S.H. v. James Janecha, et al.*** | | |

On balance, therefore, the four *Winter* factors favor Petitioner's request to enjoin Respondents from imposing post-release conditions that Petitioner did not have before her detention in July 2026, absent notice and a pre-deprivation hearing.

## V. CONCLUSION

For the foregoing reasons, Petitioner's request for preliminary injunction is **GRANTED IN PART**.[1]

The Court **ORDERS** that Respondents are **ENJOINED** and **RESTRAINED** from imposing conditions on Petitioner's release that Petitioner (A# 235-076-315) was not subject immediately prior to her detention in July 2026 absent compliance with constitutional protections. Respondents **must file a notice certifying compliance with this provision** of the Court's Order within **seven (7) days** from the entry of this Order, in which Respondents confirm either: (1) Respondents removed the additional conditions imposed in October 2026 following Petitioner's release; or (2) Respondents complied with pre-deprivation constitutional protections.

Further proceedings on the merits of the Petition are referred to Magistrate Judge Patricia Donahue.

**IT IS SO ORDERED.**

: 

Initials of Preparer JRE

[1] Federal Rule of Civil Procedure 65(c) requires that, prior to granting injunctive relief, the Court require a movant to pay security "in an amount that the court considers proper to pay the costs and damages sustained by any party found to have been wrongfully enjoined or restrained." "Despite the seemingly mandatory language, Rule 65(c) invests the district court with discretion as to the amount of security required, if any." *Johnson v. Couturier*, 572 F.3d 1067, 1086 (9th Cir. 2009) (internal quotation omitted). Here, the Court waives the security requirement, as it is unlikely that Respondents will incur any significant cost.